UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK PELLEGRINO,

Plaintiff,

v.                                                    22-CV-689 (JLS)

COUNTY OF ERIE, ET AL.,

Defendants.

## DECISION AND ORDER

*Pro se* Plaintiff Mark Pellegrino initiated this case in the United States

District Court for the Southern District of New York.  Dkt. 1.  He paid the filing fee

associated with miscellaneous civil actions.  This Court granted Pellegrino's motion

to proceed *in forma pauperis*, dismissed his sovereign citizen claims, and allowed

him to file an amended complaint as to his remaining claims.  Dkt. 15.  Pellegrino

timely filed an Amended Complaint, as well as motions for a preliminary injunction,

a temporary restraining order, and a motion to issue judgment.  *See* Dkts. 17, 18,

and 19.

Pellegrino's Amended Complaint fails to state a claim on which relief may be

granted and, therefore, must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The

Court gives Pellegrino leave to amend certain claims.  The Court denies Pellegrino's

motion for preliminary injunction and temporary restraining order (Dkt. 18) as

moot.  The Court also denies Pellegrino's motion to issue judgment (Dkt. 19) as

moot.

<u>DISCUSSION</u>

I.   <u>LEGAL STANDARDS</u>

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Section 1915(e)(2)(B) requires dismissal of claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  As the Second Circuit has noted, "[s]*ua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (citations omitted).

Thus, courts will generally afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating a complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (cleaned up). *Pro se* pleadings must nevertheless meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

## II.   THE COMPLAINT

### A. Sovereign Citizen Claims

As with Pellegrino's initial complaint, the Amended Complaint contains classic examples of allegations raised by "sovereign citizens," who "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Robinson v. Fischer*, No. 9:13-CV-1545 (GTS/TWD), 2014 WL 1289611, at *5 (N.D.N.Y. Mar. 31, 2014) (quoting *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013)).

This Court previously dismissed Pellegrino's "sovereign citizen" claims. *See* Dkt. 15. The Court reiterates—as have many others—that such allegations are frivolous and fail to state a claim for relief. The Court warns Pellegrino that further efforts to assert frivolous "sovereign citizen" claims may subject him to sanctions.

### B. Remaining Claims

The remainder of the Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Pellegrino's submissions refer to "3 incidents" allegedly involving the Buffalo Police Department and the seizure, towing, and impounding of his vehicle.

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). These requirements recognize "the principal function of pleadings under the Federal Rules[:] . . . to give the adverse party fair notice of the claim asserted so as to enable [it] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

To survive dismissal, a plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 495 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 does not require detailed factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must construe the pleadings liberally and accept all factual allegations as true, but legal conclusions do not receive this presumption of truthfulness. *Iqbal*, 556 U.S. at 678.

The Amended Complaint gives neither this Court nor the defendants fair notice of what Pellegrino's claims are or the grounds upon which each claim rests. Pellegrino variously refers to violations of rights, the Buffalo Police Department, and other purported defendants. Alleged facts regarding seizure of Pellegrino's vehicle are sprinkled throughout, but are untied to actors or theories of liability. He

also offers thirty widely varying "sources of authority," which purportedly support his claims. *See* Dkt. 17, at 10–12. But these vague factual references and authorities do not meet Rule 8's requirements.

The Court is unable to discern a short and plain statement of a claim against any of the defendants by combing through Pellegrino's submissions. *See Salahuddin*, 861 F.2d at 42 (court may dismiss a complaint for failure to comply with Rule 8(a) where it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

As a result, the Court dismisses Pellegrino's remaining claims. The Court grants Pellegrino leave to amend any claims based on alleged violation of his federal rights stemming from an incident or incidents involving his vehicle by **April 30, 2024**. If Pellegrino wishes to proceed with these claims, he must submit a Second Amended Complaint that contains all of the allegations against each defendant in a manner that complies with Rule 8, as directed above.

## CONCLUSION

The Court previously dismissed the portion of Pellegrino's submissions that purport to allege sovereign citizen claims pursuant to 28 U.S.C. sections 1915(e)(2)(B)(i) and (ii) for failure to state a claim and as frivolous. *See* Dkt. 15. The Court now dismisses, with leave to amend, the portion of his submissions related to the alleged seizure of his vehicle under 28 U.S.C. section 1915(e)(2)(B)(ii).

Pellegrino is advised that an amended complaint is intended to replace completely the prior complaint in the action. "It is well established that an

amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1988) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Pellegrino's Second Amended Complaint must include all of the allegations regarding the claims he asserts in this complaint, so that the Second Amended Complaint may stand alone as the sole complaint in this action which Defendant(s) must answer.

Pellegrino is forewarned that if he fails to file a Second Amended Complaint as directed, the Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. section 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted.

## <u>ORDER</u>

IT IS HEREBY ORDERED that, Pellegrino's motions for preliminary injunction (Dkt. 18), temporary restraining order (Dkt. 18), and judgment (Dkt. 19) are dismissed as moot; and it is further

ORDERED that, Pellegrino may file a Second Amended Complaint that complies with Rule 8 by **April 30, 2024**; and it is further

ORDERED that, if Pellegrino does not file a Second Amended Complaint as directed above by **April 30, 2024**, his Amended Complaint shall be dismissed, with prejudice, without further order of the Court; and it is further

ORDERED that, if the case is dismissed because Pellegrino does not submit a complaint by **April 30, 2024**, the Court hereby certifies, pursuant to 28 U.S.C.

section 1915(a), that any appeal from this Decision and Order would not be taken in good faith, and denies leave to appeal to the Court of Appeals as a poor person.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated:       March 27, 2024
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE